**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

PATRICK LATKO,

                              Petitioner,

              v.

THE ATTORNEY GENERAL OF THE
STATE OF NEW JERSEY, et al.,

                              Respondents.

Civil Action No. 24-7927 (KMW)

**OPINION**

**WILLIAMS**, District Judge:

This matter comes before the Court on Respondents' motion to dismiss Petitioner's habeas petition (ECF No. 8), which Petitioner opposed.  (ECF No. 9.)  For the following reasons, that motion is granted, and Petitioner's habeas petition shall be dismissed as untimely filed.

I.      **BACKGROUND**

In June 2013, Petitioner was convicted of charges including murder, unlawful possession of a weapon, and hindering prosecution.  (*See* ECF No. 8-2 at 1.)  Petitioner appealed, and the Superior Court of New Jersey, Appellate Division affirmed his conviction and sentence on October 12, 2016.  (ECF No. 8-3.)  The New Jersey Supreme Court thereafter denied certification on January 20, 2017.  (ECF No. 8-4.)  Petitioner did not file a petition for certiorari, and his conviction thus became final ninety days later on April 20, 2017.  Petitioner thereafter filed his first PCR petition on September 13, 2017.  (ECF No. 8-5.)  That petition was denied on February 5, 2019.  (ECF No. 8-6.)  On April 11, 2019, Petitioner filed a notice of appeal.  (ECF No. 8-8.)  On May

15, 2020, the Appellate Division affirmed the denial of PCR relief. (ECF No. 8-9.) Petitioner was thereafter denied certification on September 14, 2020, by the New Jersey Supreme Court.

While his first PCR petition was being litigated, Petitioner prematurely filed a second PCR petition in late 2019. (*See* ECF No. 8-12 at 5.) The PCR court dismissed that petition without prejudice as premature in December 2019. (*Id.*) Petitioner thereafter refiled his second PCR petition on October 15, 2020. (*Id.*) Although that filing was technically beyond the state court's standard time limitation for second PCR petitions, the state PCR trial court excused that late filing pursuant to applicable state procedural rules in light of the "erroneously dismissed" initial second PCR which should instead have been stayed pending the outcome of the first PCR. (*Id.*) Thus, the state PCR trial court found the second PCR was to be treated as if timely filed and not procedurally barred, and ultimately denied the petition on the merits on November 18, 2022. (*Id.* at 5-14.) Thereafter, Petitioner filed a notice of appeal on February 14, 2023. (ECF No. 8-13.) The Appellate Division affirmed on the merits in an opinion issued March 8, 2024. (ECF No. 8-14.) However, in deciding that appeal the Appellate Division found that Petitioner's second PCR lacked supporting certifications and affidavits as required by state law to warrant relief, and had not been verified as required by state PCR filing rules – specifically N.J. Court Rule 3:22-8. (*See id.* at 10, 13.) The Appellate Division found that the absence of certifications and affidavits from the parties involved rendered Petitioner's claims meritless, and denied the petition on the merits. (*Id.* at 11.) Petitioner thereafter sought certification, which was denied by the New Jersey Supreme Court on June 5, 2024. (ECF No. 8-15.) Petitioner then filed his petition in this matter on or about July 10, 2024. (ECF No. 1.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state courts.  *See Eley v. Erickson*, 712 F.3d 837, 846-47 (3d Cir. 2013).  Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state courts.  *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).  Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court.  *See Woods v. Donald*, 575 U.S. 312, 316 (2015).

## III.    DISCUSSION

### A.  Timeliness

In their motion to dismiss, Respondents contend that Petitioner's habeas petition must be dismissed as untimely filed.  Petitions for a writ of habeas corpus are subject to a one-year statute

of limitations.  *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013).  In most cases, including this one, that limitations period runs from the date on which the petitioner's conviction became final following the conclusion of direct appellate review, including the ninety-day period in which Petitioner could have but did not file a petition for certiorari with the Supreme Court.    *Ross* 712 F.3d at 798; *Jenkins*, 705 F.3d at 84; *see also* 28 U.S.C. § 2244(d)(1)(A).  In this matter, Petitioner's conviction became final on April 20, 2017, ninety days after the New Jersey Supreme Court denied his petition for certification.  Absent a basis for tolling, Petitioner's one year limitations period would have expired one year later in April 2018.

Petitions for a writ of habeas corpus brought pursuant to § 2254 are subject to statutory tolling while a properly filed PCR petition or collateral attack remains "pending" before the state courts.  *Jenkins*, 705 F.3d at 85.  A state court PCR petition will be considered "properly filed" only where it is filed in accordance with all of the state courts' "time limits, no matter their form." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)).  While a PCR will be considered to remain pending following an adverse final decision by a trial level PCR court, that petition will cease to remain pending once the time for filing a timely appeal expires and the PCR appeal will not be considered to have resumed its "pending" status after this time expires until the petitioner actually files a notice of appeal.  *See Evans v. Chavis*, 546 U.S. 189, 197 (2006); *Swartz v. Meyers*, 204 F.3d 417, 420-24, 423 n. 6 (3d Cir. 2000); *Thompson v. Admin N.J. State Prison*, 701 F. App'x 118, 121-23 (3d Cir. 2017).  Under the New Jersey court rules, a direct appeal from the denial of a PCR petition must be filed within forty-five days of the denial of the petition.  N.J. Ct. R. 2:4-1. A petition for certification before the New Jersey Supreme Court must in turn be filed within twenty days of an adverse decision by the Appellate Division.  *See* N.J. Ct. R. 2:12-3.

Here, Petitioner filed his PCR petition on September 13, 2017, 146 days after his conviction became final.  He did not file his notice of appeal, however, until 66 days after the denial of his PCR petition, and thus 21 further untolled days passed before Petitioner's PCR petition resumed pending status.  Petitioner's first PCR petition thereafter ceased to be pending when Petitioner was denied certification on September 14, 2020.

Petitioner filed his second PCR approximately a month later on October 15, 2020. Although Respondents contend that this petition should be treated as untimely and thus improperly filed, such a finding would ignore the state trial court's ruling, untouched by the Appellate Division, that under state law the petition had to be treated as timely filed because his initial filing of the second PCR had been "erroneously" dismissed rather than stayed.  Because the state PCR court found that the petition was to be treated as timely under the operation of the state's procedural rules, this Court is bound by that finding and must consider the second petition timely filed.  Thus, 31 days elapsed before the filing of the second PCR petition once again tolled the limitations period.  After Petitioner's second PCR was denied on November 18, 2022, he did not file his appeal until February 14, 2023, after 88 total days, and thus 43 further untolled days past the standard appeal deadline had elapsed.   Petitioner's second PCR thereafter remained pending until certification was denied on June 5, 2024.  Another 35 untolled days elapsed before Petitioner filed his habeas petition in this Court.   In total, then, 276 clearly untolled days passed between Petitioner's conviction becoming final and his filing of his habeas petition, and the petition appears to be timely if the Court were only to consider state court timeliness rules.

Despite the state PCR court's extension of Petitioner's filing time limit, Respondents contend that this Court should still find that the second PCR petition provides no basis for statutory tolling because the Appellate Division noted that the petition lacked verification as required by state court filing rules, rendering it improperly filed.  Although the Appellate Division did rule on

the merits of Petitioner's appeal of the denial of his second PCR petition, the Appellate Division also found that the petition lacked verification as required by state procedural rules for the filing of a PCR petition.  As Respondents argue, New Jersey Court Rule 3:22-8 requires that PCR petitions be "verified by [the] defendant," a filing requirement that the Appellate Division found Petitioner's second PCR petition failed to meet.  Such verification requirements are considered conditions for proper filing, and a failure to comply with them will generally render a PCR petition improperly filed for statutory tolling purposes until the issue is rectified.  *See Jenkins*, 705 F.3d at 88 n. 11; *see also Pace*, 544 U.S. at 414-15 (time limits and conditions to filing such as verifications must be met for a petition to be properly filed sufficient to warrant tolling); *Gottlieb v. Johnson*, No. 16-4213, 2018 624102 at *7-8 (D.N.J. Jan. 30, 2018) (verification requirement of Rule 3:22-8 is a filing condition necessary for proper filing of a PCR petition). As the Appellate Division noted, that issue was not rectified between the filing of the second PCR petition on October 15, 2020, and the Appellate Division's decision over three years later in March 2024. (*See* ECF No. 8-14 at 10.)  Because the verification of a PCR petition is a filing requirement for PCR petitions under Rule 3:22-8, and the highest court found that Petitioner never completed that step, this Court must conclude, regardless of the otherwise timely filing of the second PCR, that that petition was never "properly filed" between its filing and the Appellate Division's ruling, and thus cannot serve to toll the limitations period.  *Jenkins*, 705 F.3d at 88 n. 11.  Thus this Court cannot grant Petitioner tolling for the period during which the unverified second PCR petition was pending, and is constrained to find that Petitioner's habeas petition is, in fact, untimely by a period of at least the more than three years between the filing of the second PCR petition in October 2020 and the ruling of the Appellate Division in March 2024, because his second PCR petition was never "properly filed."  As such, Petitioner's habeas petition is untimely filed, and must be

6

dismissed as such.[1]  Because the petition will be dismissed as untimely filed, this Court need not

and does not address Respondents' exhaustion arguments.

### B.   Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas

proceeding where that petitioner's detention arises out of his state court conviction unless he has

"made a substantial showing of the denial of a constitutional right."  "[A petitioner] satisfies this

standard by demonstrating that jurists of reason could disagree with the district court's resolution

of his constitutional claims or that jurists could conclude [that] the issues presented are adequate

to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the

prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the

prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473,

484 (2000).  Because reasonable jurists could not dispute this Court's conclusion that Petitioner's

second PCR petition was not properly filed in light of the Appellate Division's finding of

procedural deficiencies, and that Petitioner's habeas petition was therefore untimely filed,

---

[1] Petitioner argues that his failure to provide a verification should be excused because his appointed attorney didn't notice the issue until after the fact, and the state PCR trial court also failed to raise the issue or require its repair, and that this Court cannot enforce a rule ignored by the state courts. This argument, however, ignores that the Appellate Division, the highest state court to rule on the second PCR directly addressed and noted the deficiency.  That the Appellate Division also addressed the merits of Petitioner's claims does not excuse his failure to follow the clear dictates of the state rules – rules with which he complied in his first petition – nor does Petitioner's initial *pro se* status excuse his inability to follow the clear state procedural rules.  *See, e.g., Evans v. Chavis*, 546 U.S. 189, 197 (2006) (a state court which both addresses procedural deficiencies and rules on the merits does not excuse a procedural failing related to timeliness).

Petitioner has failed to make a substantial showing of the denial of a constitutional right, and he is therefore denied a certificate of appealability.

## IV.    <u>CONCLUSION</u>

For the reasons expressed above, Respondents motion to dismiss (ECF No. 25) is **GRANTED**, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITH PREJUDICE** as time barred, and Petitioner is **DENIED** a certificate of appealability.  An appropriate order follows.

*Karen M. Williams*

Hon. Karen M. Williams,
United States District Judge

8